**GUO LUAN FONG, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, United States Department of Justice, Respondents.**

No. 04–1880–ag.

United States Court of Appeals, Second Circuit.

May 9, 2006.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for for-

Khaghendra Gharti–Chhetry, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quiñones, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable SONIA SOTOMAYOR, and Honorable B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

Petitioner Guo Luan Fong, through counsel, petitions for review of the BIA decision affirming the decision of the Immigration Judge ("IJ") Sarah M. Burr denying asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Fong's knowledge of the critical events in his family planning claim came solely from his wife, who Fong admitted had sent him a fraudulent marriage certificate. The IJ reasonably concluded that if Fong's wife could obtain one false document so easily, then the rest of the documents Fong submitted, which also came from his wife, were also suspect. Moreover, some of those documents were suspicious on their face. For example, Fong presented an X-ray report bearing an ID number that was supposedly that of his wife. However, the household registration he presented contained a different typewritten ID number for his wife. That typewritten number had been crossed out and replaced with a handwritten number to match the number on the X-ray report. Fong did not address the alteration of the household registration until questioned about it on cross-examination. Further, as to the X-ray report, Fong was initially unable to vouch for its validity; shortly

mer Attorney General John Ashcroft as re-
spondent in this case.

thereafter, he changed his mind and vouched for it but was unable to explain to the IJ's satisfaction why he could suddenly guarantee the document's validity. By submitting one admittedly false document, and at least two suspicious documents, without an adequate explanation for the irregularities, Fong gave the IJ a strong reason to doubt his credibility overall. *See Matter of O–D–,* 21 I. & N. Dec. 1079, 1081, 1998 WL 24904 (BIA 1998).

Fong gave the IJ an additional reason to doubt his testimony when he was unable to testify consistently about whether his wife was sterilized in October or December 1999. He initially testified that she was sterilized in December, and told him so in her letter, but that he had carelessly written the month as October in his own affidavit. When he was confronted with both his affidavit and his wife's letter, however, Fong realized that both contained an October date. Fong's eagerness to explain discrepancies that were not present in the record, combined with his inability to explain those that were, provided sufficient reason for the IJ to discredit his testimony.

Fong did not challenge the IJ's findings with respect to his religious persecution claim in his appeal to the BIA. His failure to exhaust this administrative remedy deprives this Court of jurisdiction to address that claim. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right...."); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004).

Finally, Fong argues that the IJ improperly allowed the adverse credibility finding to bleed over to his CAT claim. However, the IJ may properly deny a CAT claim if he or she makes an adverse credibility finding with respect to facts that form the "only potentially valid basis" for the CAT claim. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Therefore, insofar as Fong's CAT claim rested on his wife's alleged past persecution under China's family planning policy, the IJ properly looked to its adverse credibility determination on that point in denying the CAT claim. Insofar as Fong's CAT claim rested on other grounds, this Court lacks jurisdiction to review the IJ's denial of that claim, because Fong in his appeal to the BIA addressed only so much of his CAT claim as rested on his claim of his wife's past persecution under China's family planning policy. *See* 8 U.S.C. § 1252(d)(1); *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003) (an issue not argued to the BIA is not preserved for judicial review).

We have considered all of Fong's contentions that are properly before us and have found them to be without merit. The petition for review is denied.

Fong's pending motion for a stay of deportation is denied as moot.